UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ERIC J. STIGGLE, SR., Plantiff, | : | |
| vs. | : | C.A. No. 06-138-S |
| RICHARD TAMBURINI, et al., Defendants. | : | |

**ORDER**

The above captioned matter is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Eric J. Stiggle, Sr. against certain police officers and officials employed by the Town of Johnston, Rhode Island. Pending before the Court is Plaintiff's Motion to Transfer this matter to the United States District Court for the District of Connecticut, where Plaintiff resides.

In his Complaint the Plaintiff alleges that he was beaten and otherwise mistreated by the Defendants in connection with his arrest by Johnston police, apparently on an outstanding warrant issued by the State of Connecticut. It appears that all of the Defendants are employees, officers or agents of the Town of Johnston, and all of the actions complained of are alleged to have occurred in the State of Rhode Island.

This Court takes note that if this matter were to be transferred to the District of Connecticut as requested, it would likely be dismissed for lack of personal jurisdiction, since all of the named defendants are located in Rhode Island and all of the

actions complained of occurred in Rhode Island. See e.g. Anonymous v. Kaye, 104 F.3d 355 (2d Cir. 1996) (Table) (because § 1983 does not provide for service of process beyond state borders, a district court requires authorization from long-arm statute of state in which it sits before it may exercise personal jurisdiction over the out-of-state defendants). Conn. Gen. Stat. § 52-59b (long-arm statute requiring minimum contacts with state for personal jurisdiction).

For the same reasons, venue would also appear to be improper in Connecticut. See 28 U.S.C. § 1391(b) (providing venue in judicial district where all defendants reside or where substantial part of actions complained of occurred).[1]

Therefore, it is hereby ORDERED that Plaintiff's Motion to Transfer be DENIED. The Court further ORDERS the Plaintiff to take all necessary steps to prosecute this action in this Court,

---

[1] Section 1391(b) provides:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

including complying with all outstanding Orders addressed to him regarding service of process.

BY ORDER:

Clerk

ENTER:

William E. Smith
U.S. District Judge
Date: 10/2/06