**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ERIC STIGGLE**

**v.** **C.A. No. 06- 138 S**

**RICHARD TAMBURINI,** et al.

**MEMORANDUM AND ORDER**

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the court on the application of the *pro se* plaintiff, an inmate in the custody of the Connecticut Department of Corrections, for leave to proceed *in forma pauperis* without prepayment of fees pursuant to 28 U.S.C. § 1915. Said application is **GRANTED.**

However, pursuant to 28 U.S.C. § 1915(b)(1), a prisoner who is granted leave to proceed without prepayment of fees must pay, as an initial partial filing fee, 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in his account for the six month period immediately preceding the filing of the complaint. After paying the initial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner shall forward such subsequent payments from the prisoner's account to the clerk of the court each time the amount exceeds $10.00 until the filing fee is paid in full. Id.

Accordingly, after a review of the plaintiff's prison trust account statement and his affidavit filed in support of his motion to proceed *in forma pauperis*, the plaintiff shall be assessed an initial partial filing fee payment of $10.00. The Connecticut Department of Corrections is hereby ordered to forward the initial payment on plaintiff's behalf. Provided the plaintiff's prison trust account balance equals or exceeds the initial fees assessed, the initial fee shall be forwarded to the clerk of

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ERIC STIGGLE**

**v.** **C.A. No. 06- 138 S**

**RICHARD TAMBURINI**, et al.

**MEMORANDUM AND ORDER**

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the court on the application of the *pro se* plaintiff, an inmate in the custody of the Connecticut Department of Corrections, for leave to proceed *in forma pauperis* without prepayment of fees pursuant to 28 U.S.C. § 1915. Said application is **GRANTED.**

However, pursuant to 28 U.S.C. § 1915(b)(1), a prisoner who is granted leave to proceed without prepayment of fees must pay, as an initial partial filing fee, 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in his account for the six month period immediately preceding the filing of the complaint. After paying the initial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner shall forward such subsequent payments from the prisoner's account to the clerk of the court each time the amount exceeds $10.00 until the filing fee is paid in full. Id.

Accordingly, after a review of the plaintiff's prison trust account statement and his affidavit filed in support of his motion to proceed *in forma pauperis*, the plaintiff shall be assessed an initial partial filing fee payment of $10.00. The Connecticut Department of Corrections is hereby ordered to forward the initial payment on plaintiff's behalf. Provided the plaintiff's prison trust account balance equals or exceeds the initial fees assessed, the initial fee shall be forwarded to the clerk of

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ERIC J. STIGGLE, SR.,

V. C.A. No. 06-138 S

RICHARD TAMBURINI, et al.

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

On March 24, 2006, Eric J. Stiggle, Sr. ("plaintiff"), *pro se*, filed a Complaint pursuant to 42 U.S.C. Section § 1983 together with a request to proceed *in forma pauperis*. Since the date of these initial filings, plaintiff has not pursued this matter in any manner. Accordingly, U.S. District Judge Smith issued to the plaintiff an Order to Show Cause why this action should not be dismissed due to plaintiff's failure to prosecute. Plaintiff has provided a Response.[1]

Rule 4 of the Federal Rules of Civil Procedure provides that "[t]he plaintiff is responsible for service of a summons and complaint." Fed. R. Civ. P. 4(c)(1). Rule 4 also provides that service shall be made within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). If service is not accomplished within that 120 day period, the Court shall dismiss the action without prejudice or direct that service be accomplished within a specified time. Id.

In his Response (Dckt # 5), plaintiff indicates that he "did not receive a[n] order that was issued by this Court to order [that the] complaint be served by the U.S. Marshal." However, no such Order has been issued, because plaintiff failed to file a motion seeking the Marshal to serve the

[1] This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation.

Case 1:06-cv-00138-S-JH Document 6 Filed 09/05/2006 Page 2 of 2

complaint. As mentioned, it is the plaintiff's responsibility to prosecute this action, including the obligation to effect service on the defendants, not the Court's.

Additionally, in his Response, plaintiff appears to seek additional time to secure service on the defendants. Although the plaintiff has had ample time to effect service on the defendants, I recommend that the plaintiff be provided an additional 60 days to effect service. It appears that the plaintiff is under a misapprehension of the Federal Rules of Civil Procedure.

Accordingly, I recommend that the Order to Show Cause be discharged, and the plaintiff be provided an additional sixty days to effect service. Plaintiff is hereby advised that a failure to serve the defendants in the additional time allowed will result in dismissal of this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
Date: 5 Sept 2006