UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ERIC J. STIGGLE, SR.

VS. C.A. NO 06-138 S

RICHARD TAMBURINI, ET AL OCTOBER 17, 2006

## PLAINTIFF'S REQUEST FOR LEAVE TO AMEND HIS COMPLAINT

Plaintiff, Eric J. Stiggle, Sr. Respectfully request Leave of one (1) Day to Amend his Complaint and relief requested.

THE PLAINTIFF
BY [signature]
ERIC J. STIGGLE, SR.
245 WHALLEY AVE
NEW HAVEN, Ct. 06511

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, postage prepaid to all counsel of record and Pro SE parties on this 18th day of October, 2006 to as follows:

Marc Desisto, Esq
211 Angell Street
P.O. Box 2563
Providence, RI
02906

By [signature]
ERIC J. STIGGLE, SR.
245 Whalley Ave
New Haven, Ct.
06511

Johnston Town Hall
1385 Hartford Ave
Johnston, RI 02919

Stephen Peltier
2 Exchange Terrace 3rd/FL
Providence, RI
02901

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ERIC J. STIGGLE, SR.
Plaintiff,

JURY TRIAL DEMANDED

C.A. NO 06-138 S

OCTOBER 18, 2006

VS.

RICHARD TAMBURINI,
TOWN OF JOHNSTON,
WILLIAM DEMERS, THOMAS DWYER,
JARED DEANGELIS, DANIEL PARRILLO,
STEPHEN PELTIER, COLUCCI.
Defendants.

1. This is a civil rights action filed by Eric J. Stiggle, Sr. A state of Connecticut prisoner, for damages and injunctive relief under 42 U.S.C. 1983 alleging excessive use of force, the denial of medical care in violation of the Eight Amendment of the United States Constitution. The plaintiff also alleges the tort of assault and battery, negligence and theft of his money.

2. JURISDICTION

This Court has jurisdiction over the plaintiff's claims of violations of his Constitutional Rights under 42 U.S.C. 1331(a) and 1343.

3. This Court has Supplemental jurisdiction over the plaintiff's

State law tort claims under 28 U.S.C. 1367.

4. PARTIES.

Plaintiff Eric J. Stiggle, Sr. is currently in custody in the State of Connecticut at New Haven Correctional Center, 245 Whalley Ave, New Haven, Ct. 06511. During the events described in this Complaint the plaintiff lived in the State of Rhode Island, and the events that are alledged took place during and after the arrest of the plaintiff on November 18, 2004.

5. Defendant Richard Tamburini whose address is 1651 Atwood Ave, Johnston, RI 02919 and whose employed as Chief of Police for the town of Johnston. At the time of the alledged incident the Defendant acted under Color of State Law, and being sued in his official and individual capacities.

6 Town of Johnston whose address is 1385 Hartford Ave, Johnston, RI 02919 all Defendants except for Stephen Peltier are employed by the Town of Johnston.

7. Defendant William Demers whose address is 1651 Atwood Ave, Johnston, RI 02919 And whose employed as a Police officer for the Town of Johnston. At the time of the alledged incident the Defendant acted under Color of State Law, and being Sued in his official and individual Capacities.

8. Defendant Thomas Dwyer whose address is 1651 Atwood Ave, Johnston, RI 02919 And whose employed as a police officer for the Town of Johnston. At the time the alledged incident the Defendant acted under Color of State Law and is being Sued in his official and individual capacities.

9. Defendant Jared Deangelis whose address is 1651 Atwood Ave, Johnston, RI 02919 And whose employed as a police officer for the Town of Johnston. At the time the alledged incident the Defendant acted under Color of State Law and being sued in his official and individual capacities.

9. Defendant Daniel Parrillo whose address is 1651 Atwood Ave, Johnston, RI 02919 And whose employed as a police officer for the Town of Johnston. At the time the alledged incident

the Defendant acted under Color of State Law and being Sued in his official and individual capacities.

10. Defendant Stephen Peltier whose address is Two Exchange Terrace Third Floor, Providence R I 02901 and whose employed as Justice of the Peace for the State of Johnston Rhode Island and whose being Sued in his individual and official capacities.

11. Defendant Colucci whose address is 1651 Atwood Ave Johnston, RI 02919 And whose employed as a police Sergeant for the Town of Johnston, At the time the alledged incident the Defendant acted under Color of State Law, and whose being Sued in his official and individual capacities.

# STATEMENT OF FACTS

11. On November 18, 2004 I was renting a room at the Ski View Motel room 105 Johnston Rhode Island.

12. My 1995 gray four door Cadillac was parked in the parking lot. the lights inside the car were off and the alarm was on.

13. my wife and I were wanted by the State of Connecticut for not being in Court due to the stroke that I had in August of 2004.

14 In the early morning of November 18, 2004 my wife and I went to Fleet bank to take some money out of her account and deposit a check the I forgot in our room, I took $ 100,00 out for the Day.

15. After dinner with my wife, I noticed a police car in the parking lot so I turned off our room lights and acted as if no one was in the room.

16. A police officer came to my room and said "I know Someone is in there open the door before I get the key".

17. I went to the window in my room that you can see the front of the room and parking lot, I asked what was the problem.

18. police Sergeant Parrillo asked "where you at Fleet bank today?" Then he asked me if the gray Cadillac was mine, I Said "NO".

19 Officer Demers Said "Open the fucking door now!".

20. I was asking what the problem was, the officers did not know who me and my wife were, my car was backed in the parking lot, the license plate could not be seen in plain view, the police were really at the hotel because Fleet bank called because of the overdraft of my wife's account, and video from the bank showed my car

21. Officer Deangelis went to the hotel office and obtained a room key for my room, no crime has been comitted and the officers had no search warrant, my room door was opened, the officers came in. the room.

22. The officers had guns put to my wife and my head I did tell the police "you don't have a search warrant and to stop searching my room and property.

23. Sergeant Colucci told me to "Shut the fuck up and to give the officer my name and date of Birth".

24. I said "for what reason".

25. The officers seen my medication bottles and my name was on the bottles, and a officer asked me if I was Eric J. Stiggle, Sr. I said "No" and the ran a B.C.I check on me and learned at that time the State of Connecticut had an arrest warrant for me.

26. I was handcuffed with my hands behind my back and placed into a police car and transported to Johnston Police Department, during booking I was being very disrespectful to the officers and the Sergeant for the way I was being treated, and because they had no legal right to break into my hotel room and search my room and property,

27. I did call Sergeant Colucci a "Stupid ass and a ignorant fat fuck" because he let my wife go she had a warrant from Connecticut and because he lied to me and said that my car door was open and the light inside my car was on that is why they were there.

28 I said he was full of shit, my alarm was on and the doors were locked, he used that to get into my room, however my name was never used to register the car or get the room.

29. After being finger printed, officer Deangelis told me to go inside a bathroom, so I did, he started to punch me calling me a fucking nigger, and not to talk to his sergeant that way.

30. I put my hand up to protect my face, I told officer Deangelis not to hit me again and I pushed my way out of the bathroom, and into the Booking room.

31. I was told to empty my pockets, I did as I was told after my cash $525.00 was counted I was told to put it back into my pockets.

32. I told Sergeant Colucci I was in pain and need medical help, he told me to fuck my self and he was not doing anything for me. I was put into a cell.

33. A little time has passed and Defendant Stephen Peltier came to my cell and said he is a Justice of the Peace and that he is doing my arraignment and I need to pay him $200.00 for his fee, I did tell him that "I am not paying you shit, so he left the cell block.

34. Sergeant Colucci and officers Dwyer, Parrillo and Demers also Deangelis came into the cell block

the cell door was opened one of the officers said "are you going to pay the $200.00? I said "hell no!". So one of the officers went into my pocket removed my cash from my left front pocket took my cash out counted $200.00 and tossed the rest of my cash at me.

35. I told justice of the peace Stephen Peltier that I did not approve of the officers taking my money to pay him, he said to me "what the hell do I look like coming down here in the middle of the night for you for free".

36. I was handcuffed and put into a patrol car and told I was going to A.C.I. in route I still was having chest pains, and began to throw-up again, the officer who was driving was very nice and told me he would get me medical help, he turned on his emergency lights and drove to a fire station E.M.S. treated me and took me to a hospital by ambulance.

37. I stayed in the hospital for two days, the officers who went with me turned me over to the Rhode Island Sheriff's Department.

The plaintiff suffers from aches and pains in his back as a result of the beating, he also suffers from anxiety and fear, especially when he is in the presence off police. The plaintiff still suffers from nightmares in regards to the beating from the Defendant.

THE Plaintiff,

[signature]

ERIC J. STIGGLE, SR
245 Whalley Ave
New Haven, Ct. 06511

October 19, 2006
DATE

[signature]

ERIC J. STIGGLE, SR

I, declare under penalty of perjury that all of the information in this Complaint is true and Correct to the best of my knowledge and belief.

FIRST CAUSE OF ACTION:

For the actions of Defendants William Demers, Thomas Dwyer, Jared Deanglis, Daniel Parrillo and Sergeant Colucci to enter the room of the Plaintiff's and Search his property without a search warrant, constituted the violation of Article Four of the United States Constitution.

SECOND CAUSE OF ACTION:

For the actions of Defendant Jared Deanglis, the imposition of physical force against a prisoner by police personnel without need or provocation is cruel and unusual punishment Harrah v. Leverette 217 SE and 322 (1980, W. Va.) also the tort of assault and battery.

THIRD CAUSE OF ACTION:

The failure of Sergeants Colucci and Parrillo to provide medical treatment for the plaintiff after being told by the plaintiff that he needs medical treatment for his injuries in this matter constitutes cruel and unusual punishment, and the tort of negligence.

Cruel and unusual punishment is a violation of the plaintiff's Eight Amendment Rights of the U.S. Constitution.

FOURTH CAUSE OF ACTION

The failure of Defendant Richard Tamburini to provide an administrative atmosphere which would tend to prevent the occurrence of events as the one described herein, Constituted deliberate indifference and contributed to and proximately caused the above described violations of the plaintiff's Civil Rights, the tort of assault, larceny.

FITH CAUSE OF ACTION

The actions of Defendants Dwyer and Demers for failure to intervene and bring Defendant Deanglis under control and stop him from assaulting the plaintiff contributed to and proximately caused the above described violations of the plaintiff's civil Rights, constituted deliberate indifference.

SIXTH CAUSE OF ACTION

For the actions of Defendant Peltier taking the Plaintiff's money with his consent contributed to and Proximately caused the above described violations of the Plaintiff's Eight, Fourth Rights and protections under the United States Constitution, the tort off larceny,

SEVENTH CAUSE OF ACTION

the action of the Town of Johnston to provide an administrative atmosphere which would tend to prevent the occurrence of events as the one described herein contributed to and proximately caused the above described violations of the Plaintiff's Civil Rights, and constituted deliberate Indifference,

# RELIEF REQUESTED

The plaintiff request the following relief.

A. Punitive Damages awarded by a Jury

B. $250,000 from each named Defendant in his official capacity for compensatory damages

C. $250,000 from each named Defendant in his individual capacity.

D. $15,000 From Defendant Peltier

E. Any any all other relief that this court deem fair and just pluse all cost for this action.

THE PLAINTIFF,

[signature]

Eric J. Stiggle, Sr
245 Cohalley Ave
New Haven, Ct,
06511

# CERTIFICATION

I hereby Certify that a copy of the Amended complaint and Relief has been mailed to all Counsel of record and all pro SE parties of record, postage pre-paid on this 18th Day of October, 2006:

By [signature]

ERIC J. Stiggle, Sr.
245 Whalley Ave
New Haven, Ct. 06511

Marc Desisto, Esq.
211 Angell Street
P.O. Box 2563
Providence, RI 02906

Johnston Town Hall
1385 Hartford Ave
Johnston, RI 02901

Stephen Peltier
2 Exchange Terrace 3rd/FL
Providence, RI 02901