**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ERIC J. STIGGLE, SR.**

**v.** **C.A. No. 06 - 138 S**

**RICHARD TAMBURINI, et al.**

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Eric J. Stiggle, Sr., *pro se*, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Plaintiff names as defendants Richard Tamburini, Chief of Police for the City of Johnston, William Demers, Thomas Dwyer, Jared Deangelis, Daniel Parrillo, and a person identified as "Colucci," all police officers in the City of Johnston, and Stephen Peltier, a Justice of the Peace.

Currently before the Court is the motion of defendant Peltier to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has opposed the motion. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend defendant Peltier's motion to dismiss the claims against him be **GRANTED**.

**Background**

The following are the factual allegations from the Amended Complaint, which are taken as true for purposes of the instant motion:

On November 18, 2004, plaintiff alleges that he and his wife, both of whom were "wanted" by Connecticut authorities, rented a room at a motel in Johnston, Rhode Island. Sometime after their dinner, police officers came to the motel room door and demanded entry. Plaintiff and his wife apparently refused. After obtaining keys to the room, plaintiff alleges that the police entered, without a warrant and with guns drawn, and arrested the plaintiff. Police officers then transported the plaintiff to the Johnston Police Department, where, plaintiff alleges, he was "very disrespectful to the officers." After being finger-printed, plaintiff alleges that defendant Officer Deangelis punched him. Officers then placed plaintiff into a cell.

While in the cell, defendant Stephen Peltier, a Justice of the Peace, arraigned the plaintiff. Plaintiff alleges that Peltier asked the plaintiff to pay a $200.00 fee. Plaintiff refused. Peltier then summoned defendants Collucci, Dwyer, Parrilo, Demers and Deangelis to the cell. Again, plaintiff was asked to pay the fee. He refused. Plaintiff alleges that one of the officers went into plaintiff's pocket, removed his cash, counted $200.00, and gave the $200.00 to Peltier. Plaintiff alleges the officers

returned the remaining cash to the plaintiff.

Thereafter, plaintiff was placed into a police vehicle to be transported to the Adult Correctional Institutions. During the ride, he became ill and the officer stopped at a fire station, in an effort to secure treatment from an EMT. An EMT provided treatment and transported the plaintiff to the hospital for further treatment.

Based upon these allegations, plaintiff has filed suit seeking relief. Defendant Peltier has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending that the doctrine of judicial immunity bars suit against him. Plaintiff has opposed the motion.

**Discussion**

**A. Rule 12(b)(6) Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded averments of the ***complaint as true, and construe these facts in the light most favorable to the [plaintiff]." Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41,

45-6 (1957).

Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. Id. Thus, in ruling on the motion to dismiss, the pertinent inquiry is whether plaintiff's complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of federal rights.

**B. 42 U.S.C. § 1983**

Plaintiff has brought this action presumably pursuant to 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Section 1983 creates a cause of action for persons who are denied a federally protected right. See, e.g., Baker v. McCollan, 443 U.S. 137 (1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory

deprivations). The initial inquiry in a Section 1983 action is (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived the plaintiff of a constitutional right or a federal statutory right. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Here, however, defendant Peltier contends that judicial immunity bars suit against him in this case. I agree.

**C. Judicial Immunity**

As early as 1872, the U.S. Supreme Court recognized that it was "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." Bradley v. Fisher, 80 U.S. 335, 352 (1872). For that reason, the Supreme Court held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Id. Judges, thus, are absolutely immune from damages for actions taken in a judicial capacity unless the judge has acted "in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 357 (1978).

The "scope of ... jurisdiction must be construed broadly where the issue is the immunity of the judge." Id. at 356. A judge does

not lose immunity because an action is erroneous, malicious, in excess of authority, or disregardful of elementary principles of procedural due process, as long as the judge had jurisdiction over the subject matter before him. Decker v. Hillsborough County, 845 F.2d 17, 21 (1st Cir. 1988). A judge will loose the cloak of immunity only when he conducts proceedings over which he lacks any semblance of subject matter jurisdiction.

In a classic example offered by the Supreme Court, "if a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for offenses, jurisdiction over the subject of the offenses being entirely wanting in the court, and this being necessarily known to the judge, his commission would afford no protection to him in the exercise of usurped authority." Bradley, 80 U.S. at 352. On the other hand, if a judge in a criminal court convicts a defendant of a non-existent crime, he maintains his immunity, because, where jurisdiction over the subject matter is invested by the law in a judge, or in the court in which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case. Id.

Judicial immunity extends to justices of the peace. See e.g. Brewer v. Blackwell, 692 F.2d 387(5th Cir. 1982), Krueger v. Miller, 489 F. Supp. 321 (E.D. Tenn. 1977).

Here, plaintiff alleges that defendant Peltier, after arraigning the plaintiff, wrongly collected a $200.00 fee. However, there is no question that defendant Petlier had jurisdiction over plaintiff's arraignment and the setting of bail. See R.I. Gen. Laws 12-10-2. Similarly, there is no question that R.I. Gen. Laws 12-10-2 authorizes defendant Peltier, in his capacity as a Justice of the Peace, to collect a fee of no more than $200.00. See id. at (d). Thus, defendant Peltier, as alleged here, was functioning as a judge and acting within his jurisdiction as set forth by Rhode Island law.

Consequently, regardless of whether Peltier's decisions or actions were right or wrong, Peltier is entitled to absolute immunity from damages for liability. Therefore, I recommend that defendant Peltier's motion to dismiss be granted.

**Conclusion**

For the reasons set forth above, I recommend that defendant Peltier's motion to dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616

F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
December 6, 2006