# EXHIBIT A.

PLAINTIFF'S RESPONCE TO DEFENDANT'S REQUEST FOR INTERROGATORIES AND PRODUCTION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ERIC J. STIGGLE, SR.

*Plaintiff,*

vs. C.A. No. 06-138S

RICHARD TAMBURINI, WILLIAM DEMERS, THOMAS DWYER, JARED DEANGELIS, DANIEL PARRILLO, STEPHEN PELTIER, COLUCCI,

*Defendants.*

**DEFENDANTS' REQUEST FOR INTERROGATORIES**

Now comes Defendants, Richard Tamurini, William Demers, Thomas Dwyer, Jared Deangelis, Daniel Parrillo and Colucci, in the above matter and hereby propound the following interrogatories to the Plaintiff, to be answered under oath within thirty (30) days, pursuant to Rule 33 of the Federal Rules of Civil Procedure. These interrogatories shall be deemed to be continuing so as to require supplemental answers if additional information or additional facts become available.

1. Please set forth your full name; present residence address; date of birth; your educational background and your employment, including part-time employment you have held during the last five years, if any.

2. Please state the names, present addresses and telephone numbers of any and all persons whom plaintiff believes to have any knowledge or information pertaining to the incident complained of, its causes or consequences, or who may testify in this matter, and set forth what information plaintiff knows or believes such person or persons have and how such person or persons acquired such knowledge.

3. Please state the names and present addresses of those persons who have given plaintiff, or any person, firm or corporation acting on his behalf, statements, reports, voice recordings or memoranda, relating to the

incident complained of, its causes or consequences, and please provide the date of each item, and the name and address of the person, firm or corporation having present possession or custody of each such item.

4. Please state the name, address and specialty of each and every expert plaintiff and/or his counsel has consulted, retained and/or intends to have testify on his behalf regarding this case and as to each such expert, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, give a thorough and explicit summary of the grounds for each opinion of the expert; state the educational background of each expert listed, give a brief summary of his or her professional experience and enumerate the professional societies and organizations of which he or she is presently a member; and sufficiently identify any reports or documents upon which such expert opinion is based so that they may be made the subject matter of a request for production.

5. Please state whether photographs, diagrams, surveys or exhibits relating to the incident complained of, its causes or consequences, exist and, if so, identify each, the date taken or made, and by whom, and the name and address of the person having present custody of same.

6. Please state all communications you have had with the defendants, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication.

7. Please state whether you have ever been arrested or charged with any criminal offenses, including motor vehicle offenses, or whether you have ever plead guilty or nolo contendere, or whether you have been convicted of any criminal offense(s) including motor vehicle offenses, and if so, state the charge, police department, date of offense, court, disposition, date of disposition, and dates of incarceration.

8. Please state the reason(s), for you and your wife being wanted by the State of Connecticut, as referenced in Paragraph 13 of your Complaint, and, in your answer, include the reason(s) for your "pending court dates" as referenced in Paragraph 13.

9. Please state whether a lawsuit has ever been filed or a claim made against you, and whether you have ever filed a claim or lawsuit against anyone or thing, and if so, please identify the claim/lawsuit by name, identify the court, if a lawsuit was brought, give a brief account of the subject matter of the claim or lawsuit, and the name and address of each party against whom, or by whom, a claim was made and/or lawsuit was brought, and the disposition thereof.

10. Please describe in detail how the incident described in your Complaint occurred, including, but not limited to, the date and hour of the incident, the events leading up to the incident, the incident itself, and post-incident events in the order in which each took place.

11. Please describe in detail your allegations of "larceny" against the instant defendants

12. Please provide, in detail, the nature, extent and location of the injuries alleged to have been suffered by you, whether physical, emotional, and/or mental.

13. Please state the name and address of each doctor, health (including mental health) care provider and/or person who treated you for the injuries alleged in your Complaint, the date of each treatment, the nature of each treatment, and an itemized statement of the charges for such treatment.

14. Please state whether or not you are claiming loss of wages among your claims for compensatory damages, and, if so, please set for an itemization of any such loss.

15. State whether you were informed of the reason for your arrest or detainment. If your response is in the affirmative please state the reason so relayed, the individual providing such information, and the date and time you were so informed.

16. State whether you protested at the time of the arrest or detainment about the arrest or detainment. Please include in your answer the manner in which you protested and the name and address of the persons to whom you protested.

17. State whether you were put in handcuffs or whether any other type of restraint was used and, if so, the name and address of the person or persons directly involved in said restraint.

18. Describe in detail your allegation(s) of physical force constituting cruel and unusual punishment as alleged in Paragraph 32 of the Complaint including but not limited to a description of the following:

    a. the name and address of each person who allegedly used physical force;
    b. the date, time and location where each alleged incident took place;
    c. the name and address of all other persons present when each such incident took place;
    d. the nature and circumstances leading up to the alleged use of physical force.

19. Describe in detail your allegation(s) of physical force constituting assault and battery as alleged in Paragraph 33 of the Complaint including but not limited to a description of the following:

    a. the name and address of each person who allegedly used physical force;
    b. the date, time and location where each alleged incident took place;
    c. the name and address of all other persons present when each such incident took place;
    d. the nature and circumstances leading up to the alleged use of physical force.

Defendants,
By their attorney,

Karen K. Corcoran, Esq. (#6877)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: karen@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Interrogatories was mailed, postage prepaid, on this 7th day of November, 2006, to:

Eric J. Stiggle, Sr. Pro Se
245 Whalley Avenue
New Haven, CT 06511

William Dimitri, Esq.
462 Broadway
Providence, RI 02909
(401) 273-9092
(401) 331-1898-facsimile

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ERIC J. STIGGLE, SR.

C.A. NO. 06-138S

-VS-

RICHARD TAMBURINI, ET AL

PLAINTIFF'S RESPONCE TO DEFENDANT'S REQUEST FOR INTERROGATORIES

1. Eric J. Stiggle, Sr, 345 whalley Ave, New Haven, ct, 06511. 1/14/71 master's Degree, Stiggle moving & Cleaning Services.

2. will provide when all information is recieved.

3. None

4. Does not have information, will send when complete.

5. No photographs, diagrams or surveys and exhibits to date will provide when recieved

6. No communications other than court related documents.

7. Objection

8. I along with my wife had missed our court dates in the State of Connecticut due to the stroke I had, the pending court date was for a domestic violence matter with my ex-wife.

9. Do not remember

10. on November 18, 2004 me and my wife were staying at the Ski View Motel, that morning me and my wife went to her bank to take out some cash and deposit

a check that I forgot in our room, my 1995 cadillac was parked in the parking lot in front of our room. After dinner with my wife I noticed a police car in the parking lot of the hotel, so I turned our room lights off.

A police officer came to my room door and said "I know someone is in there open the door before I get the room key," I went to the window and asked what the problem was. Sergeant Parrillo asked me if I was at fleet bank today, I said yes he then asked me if the grey cadillac was mine I said no.

Officer Demers said "open the fucking door now" I asked what the problem was, the officers made threats if I did not open the door they would get the key, No crime has been comitted, the officer did not know who we were. The officer obtained a room key and entered my room

Guns were pointed at me and my wife, as the police searched our room, I told them to stop, they did not have a search warrant, Sergeant told me to shut the fuck up. A officer seen my name on my medication bottles and learned who I am and did a B.C.I check and learned I was wanted in the State of Connecticut for failure to appear.

I was handcuffed and transported to Johnston Police Department, arrested for a theft of the license plate on the car and for being wanted in connecticut

I was being Verbaley disrespectfull to the offices because how they treated me and my wife and they had no legal right to break in my room and search my room and property.

Sergeant Colucci lied to me and said they were at my room because the lights were on inside my car and the door was open, I said that is not true I had the alarm on and all doors were locked I did call him some rude names. After being finger printed, I was told to go into the bath room, officer Deangelis started to punch me calling me a fucking nigger and not to talk to his Sergeant that way.

I put my hands up to protect myself and pushed my way out of the bathroom, I was in pain from the body shots I took from the assault I took from Deangelis, I told SGt, Colucci I need medical treatment, he told me to fuck myself. I was told to empty my pockets, the offices Counted my cash $525,00 and told me to put it back into my pocket, I was placed into a cell, after a little time passed Defendant Stephen Peltier came to arraign me and I was going to need to pay him $200.00 for his fee, I told him that "I'm not paying you shit." SGt, Colucci and some officer came to the cell that I was in, the door was one of the officers said "are you going to pay the $200.00"?

I said "hell no" so one of the officers went into my left front pocket removed my cash took $200.00 and tossed the rest back at me, I did tell Stephen Peltier (Justice of peace) that I did not approve of the officers taking my money to pay him, he said "what the hell do I look like coming down here in the middle of the night for you free".

I was handcuffed and put into a police car, and told that I was going to the A.C.I. I was still having chest pains and throwing up, the officers got medical help for me.

11. The officers did not have my consent to take $200.00 from my front left pocket to give to Stephen Peltier the justice of peace.

12. Pains in my lower back, neck from the assault I took from the defendants, emotional distress.

13. Rhode Island hospital, Conn corrections, A.C.I medical bill from RI hospital will be sent when recieved.

14. No loss wages claimed.

15. I was told by Sgt. Colucci after the officers found my name on my medication bottles in my room that I was under arrest on November 18, 2004.

16. NO

17. handcuffs

18. A. Deangelis 1651 Atwood Ave, Johnston RI.

B. November 18, 2004 Bookingroom bathroom at Johnston Police Dept. ~~Colucci~~, Dwyer and Demers

C. 1651 Atwood Ave Johnston, RI

D. I was verbal abusive toward Sgt Colucci and the officers did not like that

19. A Deangelis 1651 Atwood Ave, Johnston, RI.

B. November 18, 2004 Bookingroom bathroom.

C. Dwyer, and Demers

d. I was verbal abusive to Sgt. Colucci.

THE PLAINTIFF

[signature]

Eric J. Stiggle, Sr
245 Whalley Ave
New haven, Ct.
06511

## CERTIFICATION

I hereby Certify that a copy of Plaintiff's responce to Defendant's Interrogatories has been mailed, postage prepaid on this 9th Day of January, 2007 to:

By [signature]
Eric J. Stiggle, Sr
245 Whalley Ave
New Haven, Ct. 06511

William Dimitri, esq,
462 Broadway
providence, RI 02909

Desisto Law
211 Angel St
P.O. Box 2563
Providence, RI
02906

Johnston Town Solicitor
Louis Desimone, esq
1651 Atwood Ave
Johnston, RI 02919

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ERIC J. STIGGLE, SR.

*Plaintiff,*

vs. C.A. No. 06-138S

RICHARD TAMBURINI, WILLIAM DEMERS, THOMAS DWYER, JARED DEANGELIS, DANIEL PARRILLO, STEPHEN PELTIER, COLUCCI,

*Defendants.*

**DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS**

Now come the Defendants in the above matter and hereby request that the Plaintiffs produce for inspection and/or copying the original or a true copy of the following documents to DeSisto Law, 211 Angell Street, PO Box 2563, Providence, RI 02906-2563, within thirty (30) days, pursuant to Rule 34 of the Federal Rules of Civil Procedure:

1. Any and all of the plaintiff's medical records, bills and reports, of whatever nature and kind, including but not limited to office records, notes and x-rays or x-ray reports, from any and all physicians, hospitals or other health care providers, including mental health care providers, which relate in any way to the incident(s) which is the subject matter of this litigation.

2. Any and all of the plaintiff's medical records, bills and reports, of whatever nature and kind, including but not limited to office records, x-rays or x-ray reports, from any and all physicians, hospitals or other health care providers, including mental health care providers, for a period of five (5) years prior and up to the time of the occurrence(s) alleged in the complaint.

3. Any photographs, diagrams or any other pictorial or graphic representations, in your possession, custody or control depicting injuries or damages caused by the incident(s) or describing the scene of the incident(s).

4. W-2 Forms, Income Tax Forms (State or Federal), Employment Records and/or Lost Wage Statements furnished by any employer of the plaintiff for a period of three (3) years prior to the alleged incident and through to the present date.

6. All statements taken from the defendant, and defendant's agents, servants and/or employees regarding the incident(s) which is the subject matter of this litigation.

Defendants,
By their Attorney,

Marc DeSisto, Esq., #2757
DESISTO LAW
211 Angell Street
P.O Box 2563
Providence, RI 02906
Tel.: 401-272-4442
Fax.: 401-272-9937
Marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within *Request for Production of Documents,* postage prepaid on this 12th day of October, 2006 to:

Eric J. Stiggle, Sr.
245 Whalley Avenue
New Haven, CT 06511

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ERIC J. STIGGLE, SR.

VS. C.A. NO. 06-138 S

RICHARD TAMBURINI, ET AL.

PLAINTIFF'S RESPONCE TO DEFENDANT'S
REQUEST FOR PRODUCTION OF DOCUMENTS

1, Will Submit medical records when recieved.

2. Objection will Submit medical records in this matter when recieved.

3. No photographs or diagrams at this time.

4. Self employed not Claiming lost wages

6. No Statements taken from Defendants at this time,

THE PLAINTIFF

ERIC J. STIGGLE, SR.
245 whalley Ave
New Haven, Ct. 06511

I, Eric J. Stiggle, Sr., Hereby certify that I have reviewed the above interrogatories and request for production, and responces thereto and that they are true and accurate to the best of my knowledge and belief.

ERIC J. STIGGLE, SR.

Subscribed and sworn to before me this 9th day of January, 2007

Notary Public
Commissioner of Superior Court

Subscribed and sworn to before me this 9th day of Jan, 2007

Notary Public
Date Commission Expires 5/31/2010