UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERIC J. STIGGLE,<br><br>*Plaintiff,*<br><br>vs.<br><br>RICHARD TAMBURINI, TOWN OF JOHNSTON, WILLIAM DEMERS, THOMAS DWYER, JARED DEANGELIS, DANIEL PARRILLO, STEPHEN PELTIER, COLUCCI,<br><br>*Defendants.* | C.A. NO. 06-138 S |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**1. Unlawful Search**

1.1 "[A]bsent a warrant or exigent circumstances, police cannot enter a home to make an arrest." *Wilson et ex., et al. v. Harry Layne, Deputy U.S.* Marshal, *Etc. et al*., 526 U.S. 603, 610-611 (1999), citing *Payton v. New York,* 445 U.S. 573 (1980).

1.2 "For Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which subject lives when there is reason to believe the suspect is within." *Wilson et ex., et al. v. Harry Layne, Deputy U.S.* Marshal, *Etc. et al*., 526 U.S. 603, 610-611 (1999), citing *Payton v. New York,* 445 U.S. 573 (1980).

1.3 Therefore, if you find that there were valid warrants for the arrest of the plaintiff, then you must find that the police officers had the authority to enter the hotel room of the plaintiff in order to execute the warrants.

**2. Excessive Use of Force**

2.1 There is a three-part test for excessive force claims under *§ 1983*. The plaintiff must show: (1) a significant injury; (2) resulting directly and only from the use of force that was clearly excessive to the need, and (3) the excessiveness of the force was objectively unreasonable. *Reese v. Anderson, 926 F.2d 494, 500 (5th Cir. 1991).*

2.2 "A police officer may use that amount of force which is reasonable to make an arrest, or to defend himself or another from bodily harm." *Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 205 (1st Cir. 1990).*

2.3 If you find that a defendant used force in this case, you should then consider whether the force used by that defendant was reasonable.

2.4 The "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the actions of the police officer were 'objectively reasonable' in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation." *Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 205 (1st Cir. 1990).*

2.5 "[N]ot every push or shove rises to the level of a constitutional violation, and that police officers making arrests are often forced to make split-second decisions about the amount of force needed to effect an arrest while operating under tense, dangerous and rapidly-changing circumstances." *Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 205 (1st Cir. 1990).*

## 3. Assault and Battery

3.1 Rhode Island law states that battery is "an act that was intended to cause, and does cause, and offensive contact with or unconsented touching of or trauma upon the body of another, thereby generally resulting in the consummation of the assault." *Fenwick v. Oberman*, 847 A.2d 852, 855 (R.I. 2004) quoting *Profitt v. Ricci*, 463 A.2d 514, 517 (R.I. 1983).

3.2 To render a defendant liable in an assault action, the plaintiff must prove that he was placed in apprehension of imminent harmful or offensive contact. *Restatement (Second) of Torts, § 24.*

3.3 There is a subjective standard governing actions for assault that requires a plaintiff to be aware of imminent contact and suffer apprehension at the possibility of such contact. *Restatement (Second) of Torts, § 27.*

3.4 In order to prove a cause of action for battery plaintiff must establish that the defendant intended to commit a harmful or offensive touching or to create apprehension of the same, and in fact caused such a harmful or offensive touching. *Restatement (Second) of Torts, § 18.*

**4. Denial of Medical Treatment**

4.1 A viable claim eighth amendment claim of denial of medical assistance to "pretrial detainees" requires a showing that the "challenged official action constituted 'deliberate indifference' to a 'serious medical need'". *Mahan et al. v. Plymouth County House of Corrections, et al*., 64 F.3d 14, 17 (1st Cir. 1995), citing *Consolo v. George*, 58 F.3d 791, 793094 (1st Cir. 1995); *Bowen v. City of Manchester*, 966 F.2d 13, 17 (1st Cir. 1992).

4.2 "A 'serious medical need' is one 'that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention'". *Id.* at 18, citing *Gaudrault v. Municipality of Salem, Mass*., 923 F.2d 203, 208 (1st Cir. 1990, cert. denied, 500 U.S. 956 (1991).

4.3 "In order to be found 'deliberately indifferent', the prison officials must be shown to have been subjectively aware of a condition requiring their intervention". *Id*.,citing *Farmer v. Brennan*, 128 L.Ed. 2d 811, 114 S. Ct. 1970 (1994).

4.4 Further, "[o]fficials must intentionally delay or completely deny access to medical care." *Bertram v. Wall, et al*., 2003 U.S. Dist. LEXIS 9379, at *13, citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**5. Negligence**

5.1 Plaintiff alleges that the failure to provide medical treatment constitutes the tort of negligence. Four elements are necessary in order to establish a viable claim of negligence. The elements are: 1) A legally cognizable duty owed; 2) A breach of that duty; 3) Proximate causation between conduct and injury, and 4) Actual loss or damage. *Forest v. Pawtucket Police Dept., 290 F.Supp.2d 215, 233 (D.R.I 2003).*

**6. Supervisory Liability**

6.1 There are only "limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton v. Harris*, *489 U.S. 378, 387 (1989).*

6.2 In order to maintain a claim against a municipality under *§ 1983,* the plaintiff must demonstrate in the first instance that it was an unlawful, unconstitutional policy, practice or custom that lead to the constitutional deprivation. *Monell vs. City of New York Department of Social Services, 436 US 658 (1978)*.

6.3 The "policy" requirement limiting municipal liability in *§ 1983* cases can be satisfied in municipal "failure to train" cases only (1) where employees of a local government commit a constitutional violation (2) due to a lack of training by municipal policy makers (3) who are "deliberately indifferent" to the need for the training and 4) it was this lack of training that caused the constitutional violation. *City of Canton v. Harris 489 U.S. 378, 387 (1989),*

6.4 This standard thus first requires a constitutional event, *i.e.*, an underlying constitutional violation that the failure to train causes. Bad facts or a single outrageous event is insufficient. Some kind of wrong of constitutional dimension must be present. *Monell, 436 U.S. at 690-91.*

7. **Onlooker Liability**

7.1 The standard for determining the liability of police officers who are present but do not commit the act is whether the police officer failed to prevent the use of excessive force in his presence by another police officer. *Hathaway v. Stone, 687 F.Supp. 708, 712 (citing cases) (D.Mass.1988) (holding that a reasonable officer who saw another officer drag an arrestee from a car, throw her to the ground, and begin to kick her, would realize that he was under a duty to stop the assault).*

7.2 "[A]n onlooker cannot be charged with section 1983 liability for another's sudden, momentary actions." *Noel v. Town of Plymouth, Mass., 895 F.Supp. 346, 352 (D.Mass. 1995) citing Gaudreault v. Salem, 923 F.2d 203, 207 n. 3 (1st Cir.1990) cert. denied, 500 U.S. 956 (1991).*

7.3 The question becomes whether the defendant officers had a "'realistic opportunity' to prevent an attack." *Gaudreault, 923 F.2d at 203, 207 n. 3 (1st Cir. 1990) cert. denied, 500 U.S. 956 (1991)..*

7.4 Where "the attack came quickly and was over in a matter of seconds" the officer cannot be liable for failing to prevent the same. *O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir.1988).*

**8. Qualified Immunity**

8.1 The doctrine of qualified immunity applies even if you find that the defendants violated either plaintiff's constitutional rights or infringed upon their state law rights.

8.2 Under the doctrine of qualified immunity, government officials, such as police officers, performing discretionary functions generally are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).*

8.3 The purpose behind granting officials such immunity is to allow the officers to perform their duties and act in areas where clearly established rights are not implicated "with independence and without fear of consequence." *Id. at 819.*

8.4 In determining whether the officers are entitled to immunity, their actions must be viewed from an objectively reasonable standpoint. The decisive question becomes whether another police officer, standing in the shoes of this defendant, would have concluded that his actions violated a clearly established statutory or constitutional right. *See Ricci v. Urso, 974 F.2d 5, 7 (1st Cir. 1992).*

8.5 A "reasonable, although mistaken, conclusion about the lawfulness of one's conduct does not subject a government official to personal liability." *Cookish v. Powell, 945 F.2d 441, 443 (1st Cir. 1991).*

8.6 That is because "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting' all but the plainly incompetent or those who knowingly violate the law.'" *Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir. 1992) quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991).*

8.7 Qualified immunity may exist even though in hindsight you might determine that the action of the official violated the constitution. *Berthiaume v. Caron, 142 F.3d 12, 15 (1st Cir. 1998) citing Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982).* Thus, even if it should ultimately be

determined that the defendants in fact violated the plaintiff's rights, if it was objectively reasonable for the defendants to conclude that their actions were lawful, they are entitled to qualified immunity.

8.8 If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the incident, you find from a preponderance of the evidence that plaintiff has proved either (1) that the officers were *plainly incompetent* or that (2) they *knowingly* violated the law, you must find for the plaintiff. If, however, you find that the officers had a reasonable belief that their actions did not violate the rights of the plaintiff, then you cannot find them liable even if the plaintiff's rights were in fact violated as a result of the officers' objectively reasonable action.

**9. Punitive Damages**

9.1 Under §1983, Claims for punitive damages cannot be brought against a municipality. *City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 259-60, 69 L. Ed. 2d 616, 101 S. Ct. 2748 (1981).*

9.2 Rhode Island only allows for punitive damages under egregious circumstances. *Fenwick v. Oberman, 847 A.2d 852, 855 (R.I. 2004).*

9.3 Rhode Island requires that "[a] party seeking punitive damages must produce 'evidence of such willfulness, recklessness or wickedness, on the party of the party at fault, as amounts to criminality' that should be punished. *Fenwick v. Oberman, 847 A.2d 852, 855 (R.I. 2004).*

C.A. No. 06-138S

Defendants,
By their Attorneys,

/s/ Marc DeSisto
Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

/s/ Karen K. Corcoran
Karen K. Corcoran, Esq. (#6877)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906
Phone: (401) 272-4443
Fax: (401) 272-9937
Email: karen@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that this document has been filed electronically on April 10, 2007, and is available for viewing and downloading from the ECF system. A true copy of the within was mailed, postage prepaid to:

Eric J. Stiggle, Sr., Pro Se .
170767
Hartford Correctional Institution
177 Weston Street
Hartford, CT 06120

/s/ Karen K. Corcoran