UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Eric J. Stiggle, Plaintiff, | |
| v. | CA No. 06-138 S |
| Richard Tamburini, et al., Defendants. | |

**PRETRIAL ORDER**

On April 13, 2007, this Court held a telephonic final pretrial conference with the parties. This conference was held by telephone because Plaintiff is currently incarcerated at the Hartford Correctional Institution.

Plaintiff was informed by letter dated April 5, 2007 that, as the Plaintiff in this case, he should be prepared to address in this conference his obligation for making arrangements for transportation to attend empanelment and trial in the District of Rhode Island as well as paying expenses associated with his transportation. During the telephone conference, Plaintiff made various requests. For example, he requested that the U.S. Marshals be directed to transport him from Connecticut to Rhode Island (he was informed that the Marshals do not do this for

civil parties), he also requested a continuance suggesting that his conviction will be shortly vacated pursuant to a petition for habeas corpus which he currently has pending. Plaintiff also made some suggestion that the Court and the parties be required to come to Connecticut, and possibly that the case should be transferred to the District of Connecticut. This Court informed the Plaintiff that he may file whatever motions he believes are appropriate including motions for change in venue or to amend the Complaint and such will be taken up in due course.[1]

The Court reviewed various options available to the Plaintiff in order to allow him to prosecute his claim if he is unable to obtain transportation from Connecticut to Rhode Island for the trial. These options include obtaining a volunteer attorney to represent him and to have that attorney prosecute the case without him present in court but accessible otherwise; or, the Plaintiff could waive his jury trial right and the case could proceed by video conference before the Court.

When Plaintiff was informed that the Court would not transport him, or come to Connecticut, the Plaintiff became

[1] After the telephone conference, this Court was informed that the Plaintiff had already filed a Motion to Amend the Complaint which has been referred to Magistrate Judge Hagopian. Judge Hagopian has yet to rule on that motion.

extremely agitated. He accused this Court of "snowing" him, then raised his voice and stated he was "pissed-off." While this Court did not place this conference on the record, the behavior of the Plaintiff during this conference call hearing was wholly inappropriate and will, if repeated, lead to contempt of court proceedings against the Plaintiff. The Court informed the Plaintiff on the telephone and now repeats that this Court will not tolerate similar outbursts or disrespectful behavior from him in the future.

In order to allow the Plaintiff sufficient time to consider the options available to him, including the possibility of obtaining transportation to Rhode Island as well as those options discussed above, the Court granted a 30 day continuance. This matter will be placed on the trial calendar for June. The Plaintiff is hereby notified that unless satisfactory arrangements are made by him, or one of the available options is exercised by him in order to allow this matter to proceed to trial, the matter will be called on the June trial calendar and if Plaintiff is unable to effectively prosecute his case, it will be dismissed.

Plaintiff is further reminded of his obligation to file materials required by this Court's pretrial order; failure to do

so may result in preclusion of evidence, argument or dismissal of the case.

By Order

Deputy Clerk

ENTER:

William E. Smith
United States District Judge
Date: 4/18/07