UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERIC J. STIGGLE, SR.<br><br>*Plaintiff,*<br><br>vs.<br><br>RICHARD TAMBURINI, WILLIAM DEMERS, THOMAS DWYER, JARED DEANGELIS, DANIEL PARRILLO, STEPHEN PELTIER, COLUCCI,<br><br>*Defendants.* | C.A. No. 06-138S |

**DEFENDANTS'[1] OBJECTION TO PLAINTIFF'S MOTION FOR RECUSAL**

Now come the Defendants and hereby object to Plaintiff's Motion for Recusal. As grounds, Defendants state that plaintiff has failed to meet the standards for recusal set forth under 28 U.S.C. §455. Further, as a technical matter, plaintiff filed his Motion for Recusal without first filing a Motion for Leave of Court to file the Motion for Recusal out of time. In support of the Objection, Defendants rely on Defendants Memorandum in Support of Defendants' Objection to Plaintiff's Motion for Recusal, as well as any arguments that might be raised in oral argument.

Defendants,
By their attorneys,

*/s/ Karen K. Corcoran*

Karen K. Corcoran, Esq. (#6877)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: karen@desistolaw.com

[1] All defendants excluding Stephen Peltier.

CERTIFICATION

I hereby certify that this document has been filed electronically on May 4, 2007, and is available for viewing and downloading from the ECF system. A true copy of the within was mailed, postage prepaid to:

Eric J. Stiggle, Sr. Pro Se
245 Whalley Avenue
New Haven, CT 06511

*/s/ Karen K. Corcoran*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERIC J. STIGGLE, SR.<br><br>*Plaintiff,*<br><br>vs.<br><br>RICHARD TAMBURINI, WILLIAM DEMERS, THOMAS DWYER, JARED DEANGELIS, DANIEL PARRILLO, STEPHEN PELTIER, COLUCCI,<br><br>*Defendants.* | C.A. No. 06-138S |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'[1]**
**OBJECTION TO PLAINTIFF'S MOTION FOR RECUSAL**

Defendants' objection to Plaintiff's Motion for Recusal is based on the failure of plaintiff to meet the standards for recusal which are set forth under 28 U.S.C. §455. *Comfort et al. v. Lynn School Committee, et al.*, 418 F.3d 1, 26 (1st Cir. 2005). In pertinent part, 28 U.S.C. §455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *28 U.S.C. 455(a).* The moving party "must support the motion with facts that 'provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality'". *Id.* citing *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001)[2] (citations omitted).

---

[1] All defendants excluding Stephen Peltier.

[2] Claim dismissed by, Partial Summary Judgment granted by, in part, *Boston's Children First v. Boston Sch. Comm.*, 183 F.Supp.2d 382 (D.Mass. 2002), Later proceeding at *Boston's Children First v. Boston Sch. Comm.*, 2002 U.S. Dist Lexis 9579 (D,Mass. May 21, 2003), Motion denied by, Request denied by, Judgment entered by *Boston's Children First v. Boston Sch. Comm.*, 260 F.Supp.2d 318 (D.Mass 2003), Aff'd by *Anderson v. City of Boston*, 375 F.3d 71 (1st Cir. Mass. 2004), Subsequent appeal at *Boston's Children First v. City of Boston*, 395 F.3d 10 (1st Cir. Mass. 2005).

Within his Motion for Recusal, addressing his comments to Judge Smith, plaintiff alleges that after he [plaintiff] made statements about defendants' response to request for production, "[y]ou [Judge Smith] said you don't believe it and how you worked with Defendant's counsel for years, I have proof of what they did, and after what you said I believe you are not going to be fair" *See Document Number 59*. Defendants respond that this statement does not provide any "facts that 'provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality'". *Id*.

The First Circuit has clearly stated that "[e]very judge comes to the bench with a lifetime of background experiences, a roster of associations, and a myriad of views." *Id*. at 69. Further, "[t]his past history, in and of itself, is seldom sufficient to require a recusal. *Id*., citing *Brody v. President & Fellows of Harvard Coll*., 664 F.2d 10, 11 (1st Cir. 1981)(per curiam). A "direct link" establishing a "reasonable basis for doubting impartiality" is required for a judge to step aside. *Id*., citing *In re United States*, 158 F.3d 26, 31 (1st Cir. 1998). These statements speak directly to the issues presented by the instant Motion for Recusal.

If a Judge were required to recuse from every case where he had "worked with defendants' counsel for years", then it would be a rare Judge who would not be constantly subject to recusal. Plaintiff's Motion to Recuse fails to establish a factual, reasonable basis for doubting the impartiality of Judge Smith as it relates to the instant case. Therefore, Plaintiff's Motion for Recusal must be denied.

Further, a "passing comment" is not enough to "constitute a basis on which to require recusal." *Comfort et al*, 418 F.3d at 71. Plaintiff's Motion for Recusal cites only to a "passing comment" on the part of Judge Smith. Therefore, Plaintiff's Motion for Recusal must be denied.

Additionally, as a technical matter, plaintiff failed to properly file a Motion for Leave of Court to file his Motion for Recusal out of time. Since plaintiff failed to file his Motion within ten (10) days from the close of discovery, in accordance with the Pretrial Order of the United States District Court for the District of Rhode Island, plaintiff was required to request Leave of Court in order to file his Motion to for Recusal. *See Exhibit A, Pretrial Order (Civil Case)*.

An Order granting Motion for Extension of Time extending the factual discovery closure date to February 7, 2007 was granted December 5, 2006. *See Document Number 35*. Therefore, without leave of Court, plaintiff's Motion for Recusal, filed April 24, 2007, was not timely filed, since it was filed well beyond the deadline of February 7, 2007. As such Plaintiff's Motion for Recusal should be denied.

For the reasons stated above, and those that might be raised in oral argument, defendants respectfully request that Plaintiff's Motion for Recusal be denied.

Defendants,
By their attorney,

*/s/ Karen K. Corcoran*

Karen K. Corcoran, Esq. (#6877)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: karen@desistolaw.com

CERTIFICATION

I hereby certify that this document has been filed electronically on May 4, 2007, and is available for viewing and downloading from the ECF system. A true copy of the within was mailed, postage prepaid to:

Eric J. Stiggle, Sr. Pro Se
245 Whalley Avenue
New Haven, CT 06511

*/s/ Karen K. Corcoran*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - -
,
Plaintiff,

v. : CA No.

,
Defendant.
- - - - - - - - - - - - - - - -

**PRETRIAL ORDER**

(Civil Case)

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that:

1. Fact Discovery Closure. All factual discovery will be closed by [].

2. Expert Discovery Disclosures. Plaintiff shall make its expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by []. Defendant shall make its expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by []. (Any expert witness not disclosed by these dates will not be allowed to testify unless authorized by the Court.)

3. Dispositive Motions. Dispositive motions shall be filed by []. Prior to filing a motion for summary judgment, counsel must request a conference with the Court. Counsel should note the requirements of Local Rule 12.1 with respect to motions for summary judgment.

4. Pretrial Memoranda. Counsel shall present by **30 days**

**after a decision on any dispositive motions, or if no dispositive motions are filed, 30 days after the close of discovery ([], 2004)**, typewritten memorandum which shall contain the following information:

A.(1) Plaintiff will set forth what is expected to be proven in support of the claim, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

A.(2) Defendant will set forth what is expected to be proven in defense, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

B. A memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations must be fully briefed.

C. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All such exhibits must be pre-marked by the plaintiff in numerical order and by defendant in alphabetical order.

D. Anticipated motions in limine and proposed

date for filing of same.

E. If said captioned case is to be tried before a jury, full and complete proposed jury instructions, as well as a jury verdict form (with special interrogatories, if any are being requested), (jury instructions should also be filed electronically with Chambers).

F. A statement as to probable length of trial.

G. Any additional matter which counsel feel will aid the Court in the disposition and/or hearing of said action.

5. Trial Calendar. This case shall be placed on the trial calendar for **the month following the filing of pretrial memoranda.**

6. No Stays Except Upon Motion. The dates contained herein shall not be stayed by the filing of a dispositive motion (i.e. Local Rule 12.1(e) is not in effect) unless approved by the Court upon the filing of a motion setting for the specific reasons for such a stay.

7. Additional Matters. Counsel shall file three (3) copies of all materials (one (1) for the Clerk and two (2) for Chambers).

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

Except as provided above with respect to motions in limine, after ten (10) days from the close of discovery, no motions shall be filed except by leave of Court.

The case is subject to being called for trial on 48-hour notice, unless otherwise ordered by the Court. A final pretrial conference will be held on a date to be determined shortly before trial. At the final pretrial conference trial counsel must be prepared to discuss in detail the probable length of the trial, witnesses to be presented, exhibits, jury instructions and any other matter that may assist in the efficient presentation of this case to the jury or the Court.

Every effort should be made to settle the case before jurors are summoned for empanelment. **Counsel are to advise the clerk of any such settlement and file a stipulation of dismissal no later than seven (7) days before the scheduled empanelment date.** Jury costs and/or counsel fees may be assessed against one or more of the parties and/or their counsel if the court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

By Order

____________________________
Deputy Clerk

ENTER:

____________________________
William E. Smith
United States District Judge
Date: