UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERIC J. STIGGLE, SR.<br><br>*Plaintiff,*<br>v.<br><br>RICHARD TAMBURINI, WILLIAM DEMERS, THOMAS DWYER, JARED DEANGELIS, DANIEL PARRILLO, STEPHEN PELTIER, COLUCCI,<br><br>*Defendants.* | C.A. No. 06-138S |

**DEFENDANTS'[1] OBJECTION TO PLAINTIFF'S MOTION TO TRANSFER CASE TO STATE OF CONNECTICUT**

Now come the Defendants and hereby object to Plaintiff's Motion to Transfer Case to State of Connecticut. As grounds, Defendants state that plaintiff has failed to meet the standards for recusal set forth under 28 U.S.C. §1404. Further, as a technical matter, plaintiff failed to file a Motion for Leave of Court to file the Motion to Transfer Case to State of Connecticut out of time. Defendants rely on Defendants Memorandum in Support of Defendants' Objection to Plaintiff's Motion to Transfer Case to State of Connecticut herein attached.

Defendants,
By their attorney,

*/s/ Karen K. Corcoran*

Karen K. Corcoran, Esq. (#6877)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: karen@desistolaw.com

[1] All defendants excluding Stephen Peltier.

CERTIFICATION

I hereby certify that this document has been filed electronically on May 4, 2007, and is available for viewing and downloading from the ECF system. A true copy of the within was mailed, postage prepaid to:

Eric J. Stiggle, Sr. Pro Se
245 Whalley Avenue
New Haven, CT 06511

*/s/ Karen K. Corcoran*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERIC J. STIGGLE, SR.<br><br>*Plaintiff,*<br><br>vs.<br><br>RICHARD TAMBURINI, WILLIAM DEMERS, THOMAS DWYER, JARED DEANGELIS, DANIEL PARRILLO, STEPHEN PELTIER, COLUCCI,<br><br>*Defendants.* | C.A. No. 06-138S |

**DEFENDANTS'[1] MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION TO TRANSFER CASE TO STATE OF CONNECTICUT**

Plaintiff's Motion to Transfer Case to State of Connecticut, more properly termed Plaintiff's Motion for Change of Venue, is based on his claims that: 1) since he is in the State of Connecticut's custody, he will not be able to leave the State of Connecticut to appear in Rhode Island for the trial in this matter; [2] and, 2) Judge Smith cannot issue a fair judgment in this matter. *See Document Number 60*. In objection, defendants respond that plaintiff has failed to meet the standards for a Motion for Change of Venue which are set forth under 28 U.S.C. §1404(a).

In pertinent part, 28 U.S.C. 1404(a) provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *28 U.S.C 1404(a)*. The District Court has "discretion in adjudicating motions for transfer on a case by case basis." *Steely v. National Railroad Passenger*, 1993 U.S. Dist. LEXIS 19637, at *3 (D.R.I. 1993), citing *Page*

[1] All defendants excluding Stephen Peltier.
[2] A jury empanelment at the United States District Court District of Rhode Island is scheduled for June 5, 2007.

Construction Co. v. Perini Construction, 712 F.Supp. 9, 11 (D.R.I. 1989). A "strong showing" is required to establish a change in venue. *Id*., citing *Levinger v. Matthew Stuart & Co*., 676 F.Supp. 437, 441 (D.R.I. 1988).

The instant plaintiff, as the moving party, fails to make the required "clear showing that the balance of interests weighs in favor of the transfer." *LaPlante, et al. v. American Honda Motor Co., Inc. et al*, 1992 U.S. Dist. LEXIS 10180 at *4 (D.R.I. June 26, 1992) [3] citing *Lessona Corp. v. Duplan Corp*., 317 F.Supp. 290, 299 (D.R.I. 1970). "When the balance of interests is equal or even slightly in favor of the moving party, the motion to transfer should be denied." *Id*. citing *Lee. v. Ohio Casualty Ins. Co*., 445 F.Supp. 189, 192 (D.De.. 1978).

Plaintiff first argues that since he is in the custody of the State of Connecticut, the instant case should be transferred from the District of Rhode Island to the District of Connecticut. Presumably, plaintiff means that it would be more convenient for him, since he is incarcerated in Connecticut, to participate in a trial in Connecticut, rather than Rhode Island, the place where he chose to file the instant lawsuit.

Plaintiff fails to take into account the major inconvenience to Defendant Richard Tamburini, Defendant William Demers, Defendant Thomas Dwyer, Defendant Jared DeAngelis, Defendant Daniel Parrillo, and Defendant Michael Collucci, all of whom would be required to travel to the State of Connecticut. Additionally, plaintiff fails to consider the major inconvenience to defendants' witnesses who are likely to testify in this case, most of whom are employed by the Johnston Police Department.

---

[3] Remanded by *LaPlante v. American Honda Motor Co*., 27 F.3d 731 (1st Cir. R.I. 1994), Certified question answered by, Remanded by *LaPlante v. Honda N. Am*., 697 A.2d 625 (R.I. 1997).

On the balance, plaintiff, who first chose to bring this lawsuit in the United States District Court for the State of Rhode Island, would individually be less inconvenienced, than the long list of defendants and witnesses who would be forced to travel to the State of Connecticut for the hearing on this case.

Further, at a telephonic final pretrial conference on April 13, 2007, plaintiff was given options for how to handle the fact that he is in the custody of the State of Connecticut. "These options include[d] obtaining a volunteer attorney to represent him and to have that attorney prosecute the case without him present in the court but accessible otherwise; or, the Plaintiff could waive his jury trial right and the case could proceed by video conference before the Court." *See Document Number 58.*

Plaintiff also argues that Judge Smith cannot issue a fair judgment in this matter. For the same reasons outlined in Defendants' Memorandum in Support of Objection to Plaintiff's Motion for Recusal (*See Document Number 63*), defendants respond that plaintiff has presented no factual basis for his conclusory opinion that Judge Smith cannot issue a fair judgment in this matter. Further, this case is scheduled to be decided by a jury scheduled for empanelment on June 5, 2007. *See Document Number 62.*

Additionally, as a technical matter, plaintiff failed to properly file a Motion for Leave of Court to file his Motion to Transfer Case to State of Connecticut out of time. The plaintiff failed to file his Motion within ten (10) days from the close of discovery, in accordance with the Pretrial Order of the United States District Court for the District of Rhode Island. *See Exhibit A, Pretrial Order (Civil Case)*. An Order granting Motion for Extension of Time extending the factual discovery closure date to February 7, 2007 was granted December 5, 2006. *See Document Number 35*. Therefore, without leave of Court, plaintiff's Motion to Transfer Case to

State of Connecticut was not timely filed since it was filed well beyond the deadline of February 17, 2007.

For these reasons, and those that may be presented at oral argument, these defendants respectfully request that Plaintiff's Motion to Transfer Case to Connecticut be denied.

Defendants,
By their attorney,

*/s/ Karen K. Corcoran*

Karen K. Corcoran, Esq. (#6877)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: karen@desistolaw.com

CERTIFICATION

I hereby certify that this document has been filed electronically on May 4, 2007, and is available for viewing and downloading from the ECF system. A true copy of the within was mailed, postage prepaid to:

Eric J. Stiggle, Sr. Pro Se
245 Whalley Avenue
New Haven, CT 06511

*/s/ Karen K. Corcoran*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| , Plaintiff, | : | |
| v. | : | CA No. |
| , Defendant. | : | |

**PRETRIAL ORDER**

(Civil Case)

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that:

1. Fact Discovery Closure. All factual discovery will be closed by [].

2. Expert Discovery Disclosures. Plaintiff shall make its expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by []. Defendant shall make its expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by []. (Any expert witness not disclosed by these dates will not be allowed to testify unless authorized by the Court.)

3. Dispositive Motions. Dispositive motions shall be filed by []. Prior to filing a motion for summary judgment, counsel must request a conference with the Court. Counsel should note the requirements of Local Rule 12.1 with respect to motions for summary judgment.

4. Pretrial Memoranda. Counsel shall present by **30 days**

**after a decision on any dispositive motions, or if no dispositive motions are filed, 30 days after the close of discovery ([], 2004)**, typewritten memorandum which shall contain the following information:

A.(1) Plaintiff will set forth what is expected to be proven in support of the claim, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

A.(2) Defendant will set forth what is expected to be proven in defense, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

B. A memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations must be fully briefed.

C. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All such exhibits must be pre-marked by the plaintiff in numerical order and by defendant in alphabetical order.

D. Anticipated motions in limine and proposed

date for filing of same.

E. If said captioned case is to be tried before a jury, full and complete proposed jury instructions, as well as a jury verdict form (with special interrogatories, if any are being requested), (jury instructions should also be filed electronically with Chambers).

F. A statement as to probable length of trial.

G. Any additional matter which counsel feel will aid the Court in the disposition and/or hearing of said action.

5. Trial Calendar. This case shall be placed on the trial calendar for **the month following the filing of pretrial memoranda.**

6. No Stays Except Upon Motion. The dates contained herein shall not be stayed by the filing of a dispositive motion (i.e. Local Rule 12.1(e) is not in effect) unless approved by the Court upon the filing of a motion setting for the specific reasons for such a stay.

7. Additional Matters. Counsel shall file three (3) copies of all materials (one (1) for the Clerk and two (2) for Chambers).

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

Except as provided above with respect to motions in limine, after ten (10) days from the close of discovery, no motions shall be filed except by leave of Court.

The case is subject to being called for trial on 48-hour notice, unless otherwise ordered by the Court. A final pretrial conference will be held on a date to be determined shortly before trial. At the final pretrial conference trial counsel must be prepared to discuss in detail the probable length of the trial, witnesses to be presented, exhibits, jury instructions and any other matter that may assist in the efficient presentation of this case to the jury or the Court.

Every effort should be made to settle the case before jurors are summoned for empanelment. **Counsel are to advise the clerk of any such settlement and file a stipulation of dismissal no later than seven (7) days before the scheduled empanelment date.** Jury costs and/or counsel fees may be assessed against one or more of the parties and/or their counsel if the court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

By Order

____________________________

Deputy Clerk

ENTER:

____________________________

William E. Smith
United States District Judge
Date: